UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No. 10-

IN ADMIRALTY

TENACIOUS, LTD., as owner of the M/V
TENACIOUS,

    Plaintiff,

v.

JOANNA HULBERT,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

    COMES NOW, the Plaintiff, TENACIOUS, LTD., by and through its undersigned counsel and pursuant to the provisions of 28 U.S.C. §2201 et seq, sues the Defendant JOANNA HULBERT, (hereinafter "HULBERT") and states as follows:

    1.    This is a claim for declaratory judgment premised on the issue of whether HULBERT is entitled to the receipt of certain maintenance and cure benefits under the general maritime law as a result of her former employment as a crew member aboard the M/Y TENACIOUS.

    2.    As set forth in more detail below, there is an actual case and controversy between the parties and the Plaintiff will suffer immediate harm unless the requested declaratory decree is rendered.

    3.    This case is appropriate for resolution by declaratory judgment since it relates to an interpretation of the parties rights and liabilities under the general maritime law.

## JURISDICTION

4. This action involves admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims including claims arising under federal law. The Court has admiralty and maritime subject matter jurisdiction as set forth in 28 U.S.C. § 1333.

5. In the alternative, this Court also has subject matter jurisdiction as set forth in 28 U.S.C. § 1332 based on the amount in controversy exceeding $75,000.00 and diversity of the parties.

6. The Plaintiff, TENACIOUS, LTD, is a corporation with its principal place of business in 4203 Yoakum BLVD, Suite 200, Houston, Texas.

7. HULBERT is a citizen of Great Britain and upon information and belief has been a resident of Broward County in the State of Florida since May 2009.

8. The Plaintiff employed HULBERT as a crew member aboard its vessel the M/Y TENACIOUS from January 21, 2009 through January 21, 2010. Her service aboard the vessel ended on or about May 15, 2009.

9. The current dispute relates to injuries HULBERT suffered on board the M/Y TENACIOUS on May 12, 2009. Specifically, HULBERT spilled hot water on herself causing a severe burn on her leg and at some point thereafter allegedly injured her shoulder.

10. HULBERT has asserted a claim for the continuation of maintenance and cure allegedly arising out of her employment as a crew member aboard the M/Y TENACIOUS.

11. There is now existing between the parties a justiciable controversy in which the Plaintiff is entitled to have a declaration of its rights related to its maintenance and cure obligations and for further relief as this Court deems just and proper.

12. Jurisdiction exists over HULBERT by virtue of her residence in Broward County, Florida as well as her own actions seeking medical care and having received medical treatment and cure payments in the Southern District of Florida related to the matters forming the subject matter of this Complaint.

## FACTS

13. HULBERT was hired by Plaintiff for a term of one year commencing on January 19, 2009 in Antigua. On or about May 12, 2009 while on board the M/Y TENACIOUS was allegedly involved in an accident. During her employment with Plaintiff, HULBERT was provided with medical treatment for a variety of medical conditions, including treatment for a burn and shoulder injury. In addition to medical treatment for these conditions, HULBERT was also provided with maintenance whenever she was signed off from the vessel to receive medical care.

14. HULBERT's employment contract expired and her employment with Plaintiff ended on January 19, 2010. Furthermore, HULBERT left the service of the M/V TENACIOUS on or about May 15, 2009 and did not return.

15. HULBERT alleges that she is still in the service of the ship and alleges that she has not reached maximum medical improvement. The Plaintiff does not have the legal obligation to provide continued maintenance and cure benefits for conditions that have reached maximum medical cure and, likewise, the Plaintiff does not have the legal obligation to provide continued maintenance and cure benefits or maintenance and cure for conditions that occurred while she was not in the service of the vessel.

## OBLIGATION TO PROVIDE MAINTENANCE AND CURE

16. It is well settled under the general maritime law that an employer must pay daily subsistence [maintenance] and medical treatment [cure] to any seaman who becomes ill or suffers

an injury while in the service of the vessel, regardless of whether either party was negligent. *Kasprik v. United States*, 87 F. 3d 462, 464 (11th Cir. 1996). However, the general maritime law does not mandate that an employer pay maintenance and cure in perpetuity. The right to receive maintenance and cure ceases once the seaman has reached maximum medical improvement, even if he or she continues to require additional medical care to sustain her condition or to prevent it from further deterioration. *See e.g. Farrell v. United States*, 336 U.S. 511 (1949); *Whitman v. Miles*, 387 F. 3d 68 (1st Cir. 2004).

17. Furthermore, to be considered in the service of the vessel, an individual must be "answerable to the call of the duty." *See Farrell*, 336 U.S. at 516 (defining what it means to be in the "service of the ship"). The case of *Bencic v. Marine Traders, Inc.*, states that for a plaintiff to make out a *prima facie* case for maintenance and cure he / she must allege that the injury took place between the dates specified in the articles of employment related to the reporting date and the termination of the employment engagement. *See* 255 F. Supp.561, 563-564 (D. Del. 1966).

18. HULBERT's burn has been treated and upon information and belief her burn is at maximum medical improvement. Her current burn treatments are related to relieving pain and other symptoms which does not warrant the extension of maintenance and cure payments. *See Farrell*, 336 U.S. 511; *Whitman*, 387 F. 3d 68; *Pelotto v. Allan & Towing Co.*, 604 F. 2d 396 (5th Cir. 1979). Accordingly, the Plaintiff was only obligated to provide HULBERT with curative treatment under the doctrine of maintenance and cure and medical treatment or medicine which only relieves symptoms or prevents the injury from deteriorating.

19. HULBERT is demanding that Plaintiff pay maintenance and cure for arthroscopic surgery to her right knee which upon information and belief was injured after HULBERT's employment ended and she was no longer in the service of the M/Y TENACIOUS. Therefore, the

Plaintiff is not legally responsible to provide maintenance and cure related to HULBERT's right knee injury.

20. HULBERT is demanding that Plaintiff pay maintenance and cure for psychiatric problems which upon information and belief occurred after HULBERT's employment ended and she was no longer in the service of the M/Y TENACIOUS. Therefore, the Plaintiff is not legally responsible to provide maintenance and cure related to HULBERT's psychiatric problems. In the alternative, HULBERT's psychiatric problems have reached maximum medical improvement. *See Whitman*, 387 F. 3d at 74 (stating that maintenance and cure for anxiety and depression should be paid only up until the point of maximum medical improvement for the underlying injury which caused the anxiety and depression).

21. HULBERT is demanding that Plaintiff pay maintenance and cure for a shoulder injury she allegedly suffered aboard the M/Y TENACIOUS. Upon information and belief HULBERT's shoulder injury has reached maximum medical improvement.

22. HULBERT is demanding that Plaintiff pay maintenance and cure for cysts she allegedly developed while in the service of the M/Y TENACIOUS. These cysts did not develop while HULBERT was in the service of the vessel. Upon information and belief HULBERT's cysts have reached maximum medical improvement.

23. The Plaintiff is not obligated to continue providing maintenance and cure to HULBERT as her remaining conditions occurred after her employment ended, while she was not in the service of the vessel, or have reached maximum medical improvement.

24. The Plaintiff is entitled to a declaratory decree indicating that it has fulfilled all of its maintenance and cure obligations to HULBERT and that it has no further obligations to continue providing HULBERT with additional medical treatment or maintenance benefits.

WHEREFORE, the Plaintiff, TENACIOUS, LTD., respectfully requests judgment against the Defendant, HULBERT, and requests that this Court enter an order determining that TENACIOUS, LTD., has satisfied its maintenance and cure obligations to HULBERT and that HULBERT is entitled to no further benefits or relief from TENACIOUS, LTD., further awarding all costs and other relief as this Court deems just and proper.

Dated: May 12, 2010

                         Respectfully,

                         s/Ryon L. Little
                         Charles G. De Leo
                         Fla. Bar No. 353485
                         Ryon L. Little
                         Fla. Bar No. 0026402

                         FOWLER WHITE BURNETT P.A.
                         Espirito Santo Plaza, 14th Floor
                         1395 Brickell Avenue
                         Miami, Florida 33131-3302
                         Telephone: (305) 789-9200
                         Facsimile: (305) 789-9201
                         Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 12th, 2010, the foregoing document was served by U.S. Mail and e-mail on all parties on the attached service list.

                         s/Ryon L. Little
                         Ryon L. Little

-7-

## SERVICE LIST

TENACIOUS, LTD.   v.   JOANNA HULBERT

Case No. 10-

Manuel F. Valdez
141 Almeria Avenue
Coral Gables, FL 33134
Tel: (786) 594-0180
Fax: (786) 594-0187
Attorney for Ms. Hulbert